Good morning, everyone. Our first case for argument today is Kondilis v. City of Chicago. Mr. Kasper, whenever you're ready. Good morning. May it please the court. My name is Cass Thomas Kasper. I represent all 17 plaintiffs in this case who are City of Chicago police officers who were subjected between late 2021 through 2022 and in some instances up to the present to a bevy of adverse actions by the City of Chicago because of their alleged failure to comply with the city's COVID-19 vaccination policy. The district court dismissed our case with prejudice on the pleadings. No discovery was taken. And we urge today that this case be reversed and remanded for discovery to take place and for the case to proceed. For the reasons outlined in our brief, did any of your clients enter their vaccination status in the portal? No, they didn't. What was the religious basis for them not entering their status in the portal? And where is that in your complaint? It is all over the complaint because of one primary reason. They did not have to enter their vaccination status in the portal because the determination notice exempted them from the policy as a whole. It says it expressly, and that reporting requirement comes from the vaccination policy. This is so important to this case. I want to read this. Dear employee, your request for a religious exemption from the City of Chicago's mandatory COVID-19 vaccination policy. Policy has been approved. There's three caveats in the determination notice, which are the employee still has to mask, social distance, and test. Reporting is not one of the caveats. Reporting is in the policy, which they're exempted from as a whole. So to answer that question, and this is really the big issue in the case, these employees who requested a religious exemption. What sense does that make, by the way? Because employees should be allowed to rely on the city's own verbiage, which exempted them from the policy as a whole. That's why. I mean, these are rank-and-file police officers. They're not constitutional lawyers. They're not judges. They get this determination notice that says your exemption from the vaccination policy has been approved, and this all relates back to their religious exemption request in the first place as a matter of proximate cause. Was there any piece of paper, either at the time of the policy or later, that directed them to enter this information in the portal? At this pleading stage, I have not seen that. My belief is no. The requirement comes from the policy that they're exempted from as a whole. Now, if something comes out in discovery that says otherwise, that's for discovery, and that's another reason why this should be reversed, so that issue we can get to. But my knowledge now, reporting comes from the policy, which they're exempted from as a whole. They don't have to report. Did she have to—was she subjected to biweekly testing? Yes. Yes, they were, and that's part of one of the caveats in the policy. As far as the state of discovery right now is, they were doing that, and that's really not one of the central issues in this case, is whether or not the plaintiffs were subjected to the testing requirement. They were. It's in the caveat in the determination notice. But all of these adverse actions happened because of the reporting, the failure to report. I guess I'm confused a little bit, and maybe you can help me with this. Your argument is they're exempted from the policy, so they don't have to report their status to their employer. If they don't report their status to their employer, how do any of the other exceptions make sense? I mean, their employer wouldn't know that they were subject to biweekly testing, that they were subject to masking, that they were subject to following additional health and safety requirements. They'd just be like a nothing. The employer does know, because this is the employer's determination notice. This is from the city of Chicago. This is from their HR. They do know that they're subject to testing, social distancing, and masking, because this is the city of Chicago's own piece of paper. That's how the city knows. And by the way, with respect to Your Honor's question about, well, isn't our interpretation of this nonsensical, it's nonsensical also if you've been granted the religious exemption from getting the vaccine by the city. Why do we require these employees to then go put in the portal that they've been granted the religious exemption by the city? I mean, that's absurd, right? The city already knows. The city already knows they're exempt. The city already knows they're not vaccinated. So we're gonna, in some instances, move to fire. In all instances, suspend for huge periods of time without pay. In all instances, strip of their police powers. In all instances, assign to not good jobs like desk jobs, which all of them have been assigned to at various points, because they didn't report in the portal that they weren't vaccinated. But the city already knows they're not vaccinated. So the whole purpose of this has been obviated because the city knows. That's the absurdity here, and I submit. If the city's taking an action because of a failure to put the vaccination status in the portal, even if there's some vagueness or disagreement over the terms of the policy, how do you get from that decision based on whether or not someone put information in a portal to a free exercise claim or equal protection or Title VII? How is that narrow? If there is a disagreement over the policy, why is that before us in these claims? Well, because we have a free exercise claim that all the adverse actions that happened to the plaintiffs, the non-disciplinary no-pay status, which was a loss of pay for a huge period of time, terminations, which are pending in some instances, probably gonna get there. These other adverse actions, that all happened because, proximate cause now, the start in the chain is they put in their religious exemption request with the city. All the plaintiffs do that. That leads to exemption from the policy as a whole. City does that. The only reason they're exempt as a whole is because these employees have a religious belief that's bona fide, Christian in most cases, some others in other cases. They didn't want to get vaccinated for religious reasons. City exempts them as a whole. They therefore do not report because the city exempted them. They didn't have to. That all relates back to the bona fide religious belief, which is why we're here on a free exercise claim, why that right has been violated. I'd like to move on to the test that I'm proposing, and this is not, there's been a lot of litigation in this area, not to my knowledge, been discussed in this circuit, which is the test from Brandon versus Board of Education of the City of St. Louis. It's a district court decision out of state, but the reasoning is perfect from that case, and I urge this Seventh Circuit to follow this. What that case says that we're asking to be applied here is that we need to address the status of the compelling interest in light of the timing of the pandemic. In other words, and we concede, at the beginning of the pandemic, 2020, early 2021, when Trugstad, Lukasik, Kahlgren emerged from that, pandemic control is a compelling state interest. Absolutely, our plaintiffs concede that. But it weakens as the pandemic weakens, as pandemic control measures are implemented and followed, and the infection rate goes way down. When that starts happening, it no longer makes any sense at all to apply rational basis scrutiny when we're talking about someone's religious beliefs, which is, it's Amendment 1 for, I think, a reason. It's a basic right, and there needs to be a balancing between, yes, pandemic control, that's very important, but as the pandemic wanes and we're getting it under control, do we need to? Exact that interest, vindicate that interest by taking these harsh, horrible actions against our workers, like long periods of suspension without pay, without knowing when it's going to end, pending terminations, desk duty, stripping, which in the police department is like a, you know, you're blacklisted, basically. Do we need to do all that at the end of the pandemic when the interest, it's not as compelling as it was? And Brandon says in that interest, in that, with that argument, apply a heightened form of scrutiny. This is the right balance, and that's what Brandon does. Now, that was a facial challenge. This case is an as-applied challenge, which I, maybe one of the first ones up here, I'm not 100% sure, but I think it may be one of the ones. Trugstad, Lukasik, Hallgren, which are talked about in the briefs at length in the district court, you know, seem to suggest that, well, those cases already determine this case, but they don't. They're facial challenges. Trugstad, I noted this morning, those employees didn't even apply for the religious exemption yet, which, well, of course they lost, and they were seeking injunctive relief to stop the whole policy. Those are losers. These ones, not so. They have bona fide religious beliefs. No one seems to be challenging that at this early stage yet. They requested religious exemptions. City says, you're exempt as a whole. They don't report. All the adverse actions happen. So, back to Brandon. Heightened scrutiny should apply because the pandemic has weakened in late 2021, 2022 up to the present. We also got some bombshell evidence about that. The city of Chicago itself ends the masking requirement for all city workers in February 2022. While my clients are subjected to all these adverse actions, like loss of jobs, loss of pay, stripping, reassignment, because these employees are not helping us control a pandemic, so we're going to do all that harsh stuff to them. Yet, on the other side, the city says, nah, we'll just end the masking requirement. We're ending it. That is absurd. I think, though, Mr. Kasper, the city's position is that your clients were disciplined because they failed to enter their status within the portal, right? I mean, that's what happened. As of discovery right now, that's what they're saying. I suspect that, but that's… Well, I mean, there were other employees that entered their status in the portal, and then they started being paid, and everything went back to normal. Well, here's the other problem with that, and we pled this. There is a bunch of employees who did not request religious exemptions. They didn't do it, and they didn't enter their vaccination status in the portal. They didn't do it. Those employees don't have any of these adverse actions happen, which is… that's religious discrimination on its face, and we pled that fact. Now, admittedly, that's going to be an issue for discovery, but it's in there. At paragraph 554A, we plead that, and all the plaintiffs are like, there's all these other employees who didn't do the same thing we didn't do, and nothing's happened to them. Meanwhile, what's the difference between the two classes of employees? Our plaintiffs have the religious beliefs and the exemption request exemption as a whole. These other employees, which we need to flush that out of discovery, they don't have any of that in the state of this record. That is religious discrimination. So, I'm urging heightened scrutiny per branded. I'm not here to say strict heightened. The court needs to hopefully sort that out. Heightened scrutiny applies, and the less restrictive means test should come into play here as a matter of our cases, and we pled a bevy of less restrictive means in our complaint to vindicate this weakened pandemic control interest. I had written them down. I don't know where I wrote them down, but they're in the complaint. It's stuff like, make them keep masking for longer despite that we ended the masking requirement. Make them keep testing for longer. Despite that, I forgot this. The city ended the testing requirement in September 2022. Let's think about that. City is claiming in this case. Pandemic control is such an incredible interest. We have to do all these bad things to these plaintiffs, but in February 2022, when bad things to plaintiffs are happening, they end the masking requirement. And then in September 2022, bad things are still happening to the plaintiffs. City ends the testing requirement. What in the world? It's inconsistent. That's evidence that the city doesn't consider this really a compelling interest at all as of those dates, just like I'm arguing here. You're into your rebuttal time, by the way. Oh, I'm sorry. I am into my rebuttal time. You know what? I think I've said enough right now. If there's no further questions right now, I will reserve the rest for rebuttal. Okay. Uh, Miss Renee. May it please the court. Plaintiff's claims were correctly dismissed. All of plaintiff's claims fail for the same reason. Plaintiffs did not allege that applied to them. The COVID-19 policy burdened their religious beliefs. Plaintiffs received adverse consequences for their refusal to enter their vaccination status in the portal, a requirement that applied to all employees and to which they raised no religious objections. Was that separate from the vaccination policy? It was, yes. That was set out as a separate, um, separate piece of the policy. And there's multiple documents that confirm this. So first of all, um, the religious exemption form itself was titled COVID-19 vaccine religious exemption request. And employee, the form stated that the city would provide an exemption for mandated vaccination. The questions on the form focused exclusively on the vaccine. Um, and employees seeking the exemption were asked to state their reason for requesting the exemption from the vaccine and identify the principle of the religious beliefs that conflicted with the vaccine. The text of the policy itself also explains that the portal requirement applied to everyone. It's set out in the policy, um, that by October 15th, 2021, all employees must report their vaccination status in the portal, no exceptions. Um, and the portal page also confirms that it applied to everyone. Uh, when you actually go to the portal, it required employees to indicate whether they were vaccinated and whether they had a medical or religious exemption. Um, on top of this plaintiff's own allegations established that they understood that the portal was a separate universal requirement and that the religious exemption did not apply to it. Uh, plaintiffs alleged that they were given direct orders. Some of the multiple times to enter their vaccination status in the portal. Um, they could not miss that they were required to comply with the portal and that the religious exemption applied only to the vaccine. So altogether, we have the religious exemption form, the COVID-19 policy itself, the actual portal website and plaintiff's own allegations that all confirmed that the exemption was just from the vaccine. Um, plaintiffs point to the determination notice that they received once the religious exemptions were approved. Uh, but even that notice confirms that the only thing that plaintiffs received was a vaccine exemption. The title of the notice was COVID-19 vaccine exemption determination notice. Um, as for the list of additional measures that they had to follow, plaintiffs say that reporting their vaccination status was not on that list. Um, but that's no help to them either. Um, the list of additional measures, I suppose that's not a health and safety measure. The reporting their vaccination status in the portal. It, I mean, it was a health and safety measure and that the city needed to know who was vaccinated. Um, the, uh, it helps the CID help the city identify where the high risk settings, where are there people who are not vaccinated? Is there more, are there more measures that need to take place? And as for plaintiff's argument, you know, why don't basically, why don't we just wait for the religious exemption? This is coming anyway. That's two completely different timelines. And that's plaintiff's allegations bear that out. The religious exemption process as plaintiffs alleged could take months. Um, the C city needed a hard deadline so that it could start to make decisions on how to manage the pandemic and the masking requirement was able to be lifted. One of the things that's cited as to why it's being lifted is there's a high percentage of employees who are vaccinated while plaintiffs were refusing to be part of that data set, um, because they refuse to enter their status in the portal. Um, and also by the time they would have received the determination notice, plaintiffs were supposed to have already reported their vaccination status. So there was no need to repeat it again on that notice. And what of the allegation that there were, um, other, uh, employees who had, uh, not entered information in the portal and didn't receive the same, uh, adverse actions? Sure. Um, well, that's not a plausible basis for religious discrimination either. Um, the principle is the government cannot selectively burden conduct that's motivated by religious belief. But that did not happen here because plaintiffs refusal to enter their vaccination in the portal was not motivated by any religious belief. I believe plaintiffs council just. Based essentially said that in his opening argument, um, all the concerns that were raised about the portal specifically related to privacy and security. There was no religious objection raised. Um, so any differences between plaintiffs and the other officers is not due to religious discrimination and plaintiff's own allegations further refute any suggestion that the portal requirement was only enforced against those who sought religious exemptions. There were seven plaintiffs who received adverse consequences for refusing to comply with the portal before they even requested religious exemptions and five plaintiffs were fully reinstated to their jobs. Once they complied with the portal, even though the religious exemptions were still pending. Um, so this, you know, plaintiff's claims, they all fail for the same reason as applied to them. The COVID-19 policy did not burden or interfere with their religious beliefs. Um, and the, the lack of burden is enough to affirm the dismissal, but the portal requirement was also neutral and generally applicable. Um, all employees were required to report their vaccination status. There were no exemptions available from the portal requirement. Um, I'll address some of the arguments that plaintiff plaintiffs made in their brief for why the COVID-19 policy was supposedly inconsistently applied. Uh, plaintiffs presented a chart showing the various consequences they received and the process they each underwent for returning to work. Uh, but none of those differences, it's not plausible that they're due to plaintiff's religious beliefs. Plaintiffs fled and we just heard now that all of the adverse consequences flowed directly from their refusal to comply with the portal, not due to any religious belief. Um, this court should also reject plaintiff's suggestion to apply strict scrutiny, uh, based on the date that the COVID-19 policy was executed. Uh, no case supports that approach. Uh, rational basis applies. There was no burden on plaintiff's religion and plaintiffs did not plausibly allege that they were treated differently based on their membership in a suspect class or experienced interference with their fundamental rights. Uh, the COVID-19 policy and the portal requirement easily passed rational basis review. The city adopted the policy to protect employees' health and safety. As I mentioned, the city needed to know employees' vaccination status by a certain date, uh, so that it could make decisions. Um, but the policy would also pass strict scrutiny. Uh, the Supreme Court has stated that the interest in preventing the spread of COVID-19 is a compelling one and plaintiff's refusal to comply with a basic task, uh, that had no conflict with their religious beliefs, uh, jeopardized the city's efforts to maintain a safe workplace and undermine the functioning of their departments. Um, I'll also add that there's no need for further discovery. Plaintiffs have alleged, um, they essentially pled themselves out of, out of a claim here. There was, the portal requirement was completely separate from the religious exemption and plaintiffs alleged no religious objection to the portal. Um, and they failed to plead any religious based claim. Uh, if there's no further questions, we ask that the judgment of the district court be affirmed. Okay, thank you. Mr. Casper. Thank you very much. I have one point to make in response and that is what is in the policy as a whole about this reporting requirement? I would need to read this briefly. This is from the COVID-19 vaccination policy subpart five B as in boy. All employees who are covered by this policy must report their vaccination status to the COVID-19 Vax portal no later than October 15th. And it goes out from there. That requirement is in the policy. They were exempted from the whole policy. There's no other document at least in this state of the record that says separately they have to report it in the portal. As council suggests, that's from the policy which is why they didn't have to do it and why it's religious discrimination to now punish them for not doing the thing the city said they didn't have to do which all started because of their religious exemption requests. Those reasons, unless there's further questions, we'd ask that this court reverse and remand for further proceedings. Thank you very much. Thank you. The case will be taken under advisement.